(March 13, 1990)

■ In the Matter of ERICH M. BODNAR et al., Appellants, v SUSAN MOLINARI, Respondent.—In consolidated proceedings, *inter alia,* to respectively validate and invalidate a certificate of nomination filed with the Board of Elections of the City of New York nominating Susan Molinari as the Republican Party candidate in a special election to be held on March 20, 1990 for the public office of Representative in Congress from the 14th Congressional District, the appeal is from a judgment of the Supreme Court, Richmond County (Leone, J.), dated March 9, 1990, which granted the application to validate the certificate of nomination and denied the application to invalidate the certificate of nomination.

Ordered that the judgment is affirmed, without costs or disbursements.

Erich M. Bodnar and Theodore A. Bodnar sought the invalidation of the certificate nominating Susan Molinari as the candidate of the Republican Party for the special election to be held on March 20, 1990 for the public office of Representative in Congress from the 14th Congressional District. The gravamen of their objection was that the filing failed to comply with the requirements of Election Law § 6-156 because a copy of the rule or resolution constituting the nominating committee was not filed with the City Board of Elections. The contention is without merit.

Election Law § 6-156 (1) provides in pertinent part that, "[w]hen a nomination is made by a committee other than one composed of members of a state committee or a county committee, a certified copy of the rule or resolution constituting such committee, shall, if a copy thereof shall not have been filed previously, be attached to the certificate". The committee which nominated Susan Molinari was composed of the Chairpersons of the Republican County Committees of Richmond and Kings Counties pursuant to rule 16 (B) of the Republican State Committee Rules. Since the Republican State Committee Rules have been filed with the State Board of Elections, the statutory requirements of Election Law § 6-156 (1) have been fulfilled. Thompson, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.